UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO. 2:22CR28-PPS |
| | ) |
| ROBERT McMAHON, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Robert McMahon pled guilty to possession of child pornography, an offense for which he faced a term of imprisonment of up to 8 years under my application of the United States Sentencing Guidelines. Because McMahon cooperated immediately when he was charged, never denied or made excuses for his behavior, and possessed a relatively small number of images, I imposed a sentence of 24 months, well below the Guidelines range. McMahon is currently serving his sentence at the Federal Medical Center in Lexington, Kentucky. His projected release date is October 14, 2024. McMahon, representing himself, has filed a motion requesting that I order the Bureau of Prisons to place him in a Residential Reentry Center or on home confinement for the last 12 months of his sentence. [DE 47 at 4.]

McMahon cites the federal statute governing "Prerelease custody," which requires the Bureau of Prisons, "to the extent practicable," to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable

opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. §3624(c)(1).  McMahon expressly recognizes "that the ultimate decision regarding RRC placement lies within the discretion of the BOP."  [DE 47 at 4.]  Indeed, §3624(c)(4) provides that nothing in subsection (c) "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."  Under §3621(a), a person "sentenced to a term of imprisonment" is "committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior[.]"

More particularly, §3621(b) places the authority for a federal prisoner's institutional assignment squarely with the BOP:  "The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"  As this court has observed many times, citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992), "[t]he execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons." *United States v. Arroyo*, No. 2:19-CR-54-1-TLS-JPK, 2020 WL 3118787, at *5 (N.D.Ind. June 12, 2020) (Springmann, J.).  "The Bureau of Prisons alone has the statutory authority to designate a defendant's place of imprisonment, including placement in home confinement."  *Id*.

McMahon suggests that any statement I might make in support of his desired placement would carry weight with the BOP in its decisionmaking.  McMahon was ordered to report to prison on February 1, 2023.  Thus far he has served less than seven

2

months of what is a relatively short sentence, from which significant community readjustment would not likely be needed. And the sentence of imprisonment I imposed was, frankly, an extraordinary reduction from the Guidelines recommendation. I wish McMahon well, and certainly have every hope that he can be successfully and safely reintegrated into the community, and thereafter live an upstanding and law-abiding life. But I am not persuaded to urge the BOP to exercise its discretion to place McMahon in a halfway house or home confinement any earlier than its expertise counsels and its facilities permit.

ACCORDINGLY:

Robert McMahon's Motion for Order Regarding Residential Reentry Center and/or Home Confinement Placement [DE 47] is DENIED.

The Clerk shall provide a copy of this opinion to McMahon at the institutional address from which his motion was sent.

SO ORDERED.

ENTERED: August 24, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT